# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO.: 3:93 CR 252-1

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **JACKIE NATHANIEL JACKSON, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Modify Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)," filed December 22, 2005. The Government has not responded and the time to do so has expired. Accordingly, this Motion is ripe for disposition.

On March 30, 1994, Defendant entered a plea of guilty. And, on August 12, 1996, a Judgment was entered against Defendant for one count of conspiracy to violate narcotic laws (crack), and one count of violation of narcotic laws (crack), sentencing Defendant to two hundred (200) months incarceration. Defendant appealed his Judgment to the Fourth Circuit Court of Appeals, and the Fourth Circuit affirmed this Court's ruling in an Unpublished Opinion issued June 22, 1998. In addition, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 on July 29, 1996, which was denied by this Court on November 8, 1999. The Defendant now asks this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Under 18 U.S.C. § 3582(c)(2), a court may modify an imposed term of imprisonment where the defendant has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §

994(o) . . . [and] after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 3582(c)(2) is only applicable to instances where a defendant is sentenced and a provision in the Sentencing Guidelines is subsequently amended, which, had the amendment occurred prior to the defendant's sentencing, would have resulted in a lower term of imprisonment. In such an instance, the court has the discretion to amend the defendant's term of imprisonment, but only after also considering the factors listed in § 3553(a) and the policy statements issued by the Sentencing Commission. This is not the situation now before this Court.

Defendant is asking this Court to modify his sentence under this provision because, according to Defendant, the Guidelines should have been amended after the United States Supreme Court ruling in *United States v. Booker*, 543 U.S. 220 (2005). However, 18 U.S.C. § 3582(c)(2) does not give this Court the authority to essentially amend the Sentencing Guidelines on its own. In contrast to Defendant's assertions, this Court is bound to follow Section 3582 as written. Under this provision, this Court only has the authority to modify a defendant's sentence where a sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This is simply not the case here, and Defendant's Motion will be denied.

Defendant also argues that his sentence should be reduced according to Amendment 599 to the Sentencing Guidelines. Specifically, he argues that because Amendment 599 prohibits duplicative sentencing for possession of a firearm, that this Court should interpret the Amendment to also prohibit duplicative sentencing for failure to appear in court and obstruction of justice charges. Nothing in Amendment 599 provides any basis for this Court to extend its language to cover any scenario in which a defendant might perceive that his sentence is being

increased twice for the same offense. Further, as stated above, this Court does not have the authority to create law; it is bound strictly by the letter of the law.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Modify Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)," (file doc. 74), is hereby **DENIED**.

Signed: February 2, 2006

Richard L. Voorhees
Chief United States District Judge