# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO.: 3:93 CR 252-1

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **JACKIE NATHANIEL JACKSON, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Request for Copies of the Sentencing Transcripts from August 12th, 1996 to be Transcribed and Sent," (file doc. 77), filed March 1, 2006.

On March 30, 1994, Defendant entered a plea of guilty. Defendant was sentenced on July 15, 1996, and, on August 12, 1996, a Judgment was entered against Defendant for one count of conspiracy to violate narcotic laws (crack), and one count of violation of narcotic laws (crack), sentencing Defendant to two hundred (200) months incarceration. Defendant appealed the Judgment to the Fourth Circuit Court of Appeals, and the Fourth Circuit affirmed this Court's ruling in an Unpublished Opinion issued June 22, 1998. In addition, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 on July 29, 1996, which was denied by this Court on November 8, 1999.

In the current Motion, Defendant requests a copy of the sentencing hearing transcript. Although Defendant requests the transcript from August 12, 1996, the date the Judgment was entered, the Court assumes Defendant seeks the transcript from the sentencing hearing, held on

July 15, 1996. After a review of the docket in this case, the sentencing hearing has not yet been transcribed for any other purpose, so Defendant's request would require a court reporter to begin that process. Further, although not explicitly stated, it appears as though Defendant is requesting this transcript to be prepared at the Government's expense.

Transcripts are provided to indigent prisoners in proceedings brought under 28 U.S.C. § 2255 ". . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Thus, prior to requesting a copy of the sentencing transcript, Defendant would first need to present the issues under Section 2255 to the Court, and then the Court will decide if a transcript is necessary to decide the issue before it. *See United States v. MacCollom*, 426 U.S. 317 (1976). However, the Court notes that Defendant has already filed a Section 2255 motion, which has been denied by this Court. Thus, filing a second motion under Section 2255 would amount to a successive collateral review application, over which this Court has no jurisdiction. *See United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003). A motion attacking a prisoner's conviction or sentence generally amounts to a successive application. *Id.*

This Court possesses no jurisdiction over a successive application, such as the one Defendant would need to bring to request a transcript at Government expense. A successive motion under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of judges with the Fourth Circuit Court of Appeals. 28 U.S.C. § 2255. In order to be certified, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

>   found the movant guilty of the offense; or (2) a new rule of
>   constitutional law, made retroactive to cases on collateral review
>   by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  Further, only after a three-judge panel at the Fourth Circuit makes the determination that the motion has satisfied the above requirements is a district court authorized to consider a successive application.  28 U.S.C. § 2244(b)(3).

Because Defendant has not been granted permission to file a successive § 2255 petition, this Court sees no reason why Defendant is entitled to the sentencing hearing transcript at the Government's expense.  Defendant may pay for reproduction of these documents but the Court will not order that these documents be reproduced at the Government's expense unless Defendant receives permission from the Fourth Circuit to file a successive § 2255 petition.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Request for Copies of the Sentencing Transcripts from August 12th, 1996 to be Transcribed and Sent," (file doc. 77), is hereby **DENIED**.

Signed: April 20, 2006

Richard L. Voorhees
Chief United States District Judge